IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF
JOLEEN K. YOUNGERS                                              Case No. 22-mc-0030 KG

ORDER GRANTING PETITION TO PERPETUATE TESTIMONY

Petitioner Joleen K. Youngers filed a Verified Petition to Perpetuate Testimony (Petition), pursuant to Federal Rule of Civil Procedure 27, and requested a hearing on the same. (Doc. 1). The Court held a hearing on the Petition on November 10, 2022, and heard argument from counsel for Petitioner, counsel for the United States, and counsel for CoreCivic, Inc. and Torrance County. (Doc. 14). For the reasons explained herein, the Court is satisfied that perpetuating the requested testimony may prevent a failure or delay of justice. Therefore, the Court issues this Order designating the persons whose depositions will be taken orally.

I.   *Background*

Decedent Kesley Vial was a twenty-three year-old Brazilian national in immigration custody at the Torrance County Detention Facility (TCDF). He attempted suicide on August 17, 2022, was transported to the University of New Mexico Hospital, and died on August 24, 2022. Petitioner Joleen Youngers (Petitioner) sought and received appointment through the state court as the Personal Representative of Mr. Vial's wrongful death estate.

Petitioner applied for a Rule 27 Order to perpetuate the testimony of[1]:

- Weslei Vitor
- Natalino Pereira-Da Silva
- Daniel Braun
- Yevin Estiven Gil-Moreno
- Cesar Agusto Ramirez-Ramirez
- Wilman Elicer Hincapie-Parra

---

[1] Petitioner identified three additional individuals for deposition. The parties stipulated and agreed to allow pre-suit depositions of those three individuals. *See* (Doc. 6).

- Milton Gamaliel Saenz-Palacios

(Doc. 1).

II. *Standard of Review*

Rule 27 provides a process for the pre-suit perpetuation of certain testimony. The petition must be titled in the petitioner's name and must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).

If the Court is "satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." Fed. R. Civ. P. 27(a)(3).

It is well settled that Rule 27 "is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *In re Boland*, 79 F.R.D. 665, 668 (D.D.C. 1978) (quoting *Petition of Guernsey*, 223 F. Supp. 359, 360 (D.D.C. 1963); citing *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975); *Petition of the State of North Carolina*, 68 F.R.D. 410 (S.D.N.Y. 1975); 8 Wright & Miller, *Federal Prac. & Proc.*, § 2071, p. 332–33 (1973)). Put another way, "Rule 27 is not appropriate where … the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief." *State of Nev. v. O'Leary*, 63 F.3d 932, 933 (9th Cir. 1995). "Rule 27 is not a substitute for discovery." *Ash*, 512 F.2d at 912.

2

A general allegation that a witness' memory may deteriorate is not sufficient to satisfy Rule 27's requirement for a petitioner to demonstrate an immediate need to perpetuate testimony. *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (citing *Ash*, 512 F.3d at 913; 8 Wright, *Federal Prac. & Proc. Civil 2d* § 2072 (1994)). Courts have found a sufficient basis to perpetuate testimony where "the potential deponents are aged, gravely ill, or preparing to leave the country for an indefinite or lengthy period of time." *In re Boland*, 79 F.R.D. at 667 (citing *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967); *DeWagenecht v. Stinnes*, 100 U.S. App. D.C. 156 (1957)).

III. *Analysis*

Petitioner must meet each requirement of Rule 27(a)(1) and must satisfy the Court that perpetuation may prevent a failure or delay of justice. The Court analyzes each requirement in turn.

A. *The petition must be titled in the petitioner's name.*

Petitioner satisfied this requirement. Petitioner appropriately titled and styled the Petition.

B. *Petitioner expects to be a party to an action cognizable in a United States court.*

Petitioner is the duly appointed personal representative of Kesley Vial's wrongful death estate and expects to bring claims under the Federal Tort Claims Act, the Rehabilitation Act, and 42 U.S.C. § 1983, among other statutes. These statutes create private causes of action arising under federal law, thus implicating federal question jurisdiction in a court of the United States. Petitioner satisfied this requirement.

C. *Petitioner cannot presently bring the action or cause it to be brought.*

Petitioner satisfied this requirement. Petitioner and her counsel indicate they need to conduct a reasonable pre-filing investigation to satisfy ethical obligations before bringing suit. The Court agrees and finds that conducting due diligence, well within the applicable statutes of limitation, constitutes sufficient reason that Petitioner cannot presently bring the action.

D. *Petition must state the subject matter of the expected action and the Petitioner's interest.*

The Petition adequately states the subject matter of the expected action, to wit, the allegedly wrongful death of Kesley Vial and associated constitutional violations. The Petition also states the Petitioner's interest as the duly appointed personal representative of the Mr. Vial's wrongful death estate. Petitioner satisfied this requirement.

E. *Petition must state facts that the petitioner wants to establish by the proposed testimony.*

Petitioner stated she seeks, generally, to establish six categories of facts: 1) Mr. Vial's appearance, psychological condition, and manner during his detention from April 22, 2022 through August 17, 2022; 2) written and verbal communications made by Mr. Vial to others; 3) actions taken and communications made by facility staff and officials in relation to Mr. Vial's administratively final removal order; 4) mental health services provided to individuals detained at TCDF; 5) conditions of Mr. Vial's confinement from April to August 2022; and 6) actions taken by facility and government officials regarding the provision of care to persons detained at TCDF before and after Mr. Vial's suicide.

At the hearing, Petitioner's counsel provided additional detail regarding the testimony she seeks to preserve from each would-be deponent. Each would-be deponent is currently in the United States and has been interviewed by Petitioner's counsel. Transcript of Hearing, Nov. 10,

2022, at 3:11-21.[2] Petitioner represents that each would-be deponent "is in removal proceedings" but "non-detained at this time," meaning they were each "bonded out" "at the discretion of" immigration officials. Tr. at 9:5-15.

Mr. Vitor was Mr. Vial's cellmate for the several weeks leading to Mr. Vial's suicide. "He spoke extensively with [Mr. Vial] about his medical and mental health issues, as well as his despair over not having clear information on when he would be deported and when he would be able to leave the [TCDF]." Tr. at 13:7-13. Petitioner's counsel further represented that Mr. Vitor has "written communications" on his tablet "that indicate specific information pertaining to Mr. Vial's intentions to commit self harm and his suicidal ideations." Tr. at 13:16-19.

Mr. Pereira-Da Silva was Mr. Vial's cellmate before Mr. Vitor. He witnessed Mr. Vial's "behavior, demeanor, physical condition, [and] mental condition from early on in his time in detention in the [TCDF] until at least around the time after he was … ordered deported[.]" Tr. at 13:24–14:3. Mr. Pereira-Da Silva also has first-hand information and observations regarding Mr. Vial's mental health deterioration following an aborted deportation and ten-day isolation period. Tr. at 14:4-13.

Mr. Braun "was detained in the same housing unit … with [Mr. Vial] during the time leading up to the day of his suicide." Tr. at 14:14-16. Mr. Braun observed Mr. Vial coming and going from mental health appointments and observed Mr. Vial "attempting to speak with ICE deportation officers and facility staff to get information about when he would be removed from the facility." Tr. at 14:17-20. Mr. Braun "saw the distress that [Mr. Vial] was in the day of his suicide when he attempted to speak to his ICE deportation officer and was rebuffed and then was

---

[2] The Court's citations to the hearing transcript refers to the court reporter's original, unedited version. Any final transcript may contain some differences in page and line numbers.

5

sent to mental health and came back." Tr. at 14:20-23. Mr. Braun was also one of the first responders to Mr. Vial's suicide attempt.

Mr. Gil-Moreno was one of the first responders to Mr. Vial's suicide. Petitioner's counsel represents that Mr. Gil-Moreno was "good friends with [Mr. Vial] the bulk of the time that he was detained, [and] saw his mental health condition progressively worsen during his detention." Tr. at 15:12-15.

Mr. Ramirez-Ramirez was the other first responder to Mr. Vial's suicide attempt. He was "good friends with [Mr. Vial] … and was housed in the same housing unit for most of the time that they were in custody together and was able to speak to Mr. Vial's condition, interactions with personnel at the facility and ICE, and his deteriorating mental health." Tr. at 15:25–16:5.

Mr. Hincapie-Parra interacted with Mr. Vial on various occasions and

> took particular concern while he was detained in the [TCDF] with the conditions of confinement and repeatedly advocated to facility personnel and ICE personnel and gathered concerns expressed by other detained individuals during his time there about matters to do with access to medical and mental health services, access to recreation time to time outside of the yard on a daily basis and to the quality of food that they were provided, to the quality of communication that they had with facility staff and ICE personnel.

Tr. at 20:4-15. Counsel represents this information on "conditions of the facility" is "relevant to the claim regarding the time period for which … Mr. Vial was detained." Tr. at 20:21-23.

Finally, Mr. Saenz-Palacios was detained in the same housing unit as Mr. Vial in the weeks leading up to his suicide. Mr. Saenz-Palacios "spoke with [Mr. Vial] repeatedly and was able to make observations about his mental health and his interactions with facility staff." Tr. at 16:23-25. He was also present the day of Mr. Vial's suicide attempt.

Counsel for CoreCivic and the County argued that Petitioner's failure to include this level of detail in her original Petition must be fatal to the application or, in the alternative, that

supplemental briefing should be ordered. The Court disagrees. While Petitioner could—and should—have included all the relevant detail in her Petition, the requirement exists to a) show the Court that the petitioner seeks to preserve known testimony, rather than engage in a fishing expedition or other end-run on standard discovery, and b) put the adverse parties on notice of the subject of the deposition. Petitioner adequately satisfied each goal by elaborating at the hearing. The Court further finds that supplemental briefing would not materially aid in its decision-making process and, therefore, denies that request.

The Court finds that Petitioner adequately stated the known facts she intends to establish by the proposed testimony. Therefore, Petitioner satisfied this requirement.

F. *Petition must state the reasons to perpetuate the proposed testimony.*

Petitioner asserts these would-be deponents will likely be unavailable during discovery and trial due to pending removal proceedings. The would-be deponents do not have administratively final removal orders and do not have definite dates for removal, however, they remain in a precarious position with respect to availability during discovery. Each would-be deponent is in the removal process and could be ordered removed at any time. Once removed, keeping in touch with these individuals, serving process upon them, or securing their attendance for a deposition or trial will be exceedingly difficult. Notably, Petitioner's counsel does not represent any of the would-be deponents.

Counsel for CoreCivic and the County argue that Petitioner has already served numerous document requests under the New Mexico Inspection of Public Records Act and the federal Freedom of Information Act, as well as preservation letters, which will purportedly cover the same material she seeks from these deponents.

7

CoreCivic's position lacks persuasive merit. Courts have found a sufficient basis to perpetuate testimony where "the potential deponents are aged, gravely ill, or preparing to leave the country for an indefinite or lengthy period of time." *In re Boland*, 79 F.R.D. at 667. Here, the would-be deponents will likely be removed from the United States, that is, they will be absented from the United States "for an indefinite or lengthy period of time." The Court finds a sufficient reason to perpetuate the proposed testimony based on the pending removal proceedings.

    G. *Petition must state the names or a description of the persons whom the petitioner expects to be adverse parties.*

Petitioner satisfied this requirement. Anticipated adverse parties include the United States, CoreCivic, and Torrance County. Each of the adverse parties received notice of the Petition and participated at the hearing.

    H. *Petition must state the name, address, and expected substance of the testimony of each deponent.*

Petitioner satisfied this requirement, for the reasons described above.

    I. *Perpetuating the testimony may prevent a failure or delay of justice.*

Petitioner asserts the proposed testimony will be necessary to establish her eventual claims against the adverse parties and denying the Petition will severely prejudice the wrongful death estate's ability to pursue any available remedies. CoreCivic argues that the Petition is an end-run around Rule 26 discovery and perpetuation is not necessary because Petitioner's counsel is in contact with the would-be deponents.

The Court is satisfied that perpetuation of this testimony may prevent a failure or delay of justice. It is probable, though not guaranteed, that these seven deponents will be removed from the United States before discovery begins in the eventual lawsuit. It will be difficult, time-

consuming, expensive, and potentially impossible to secure depositions from the deponents or secure their attendance at trial after removal. Taking these depositions now may prevent a delay of justice by expediting the discovery process and providing first-hand accounts and observations of Mr. Vial's condition leading up to his suicide.

IV.     *Order*

Petitioner may take the pre-suit oral deposition of:

- Weslei Vitor,
- Natalino Pereira-Da Silva,
- Daniel Braun,
- Yevin Estiven Gil-Moreno,
- Cesar Agusto Ramirez-Ramirez,
- Wilman Elicer Hincapie-Parra, and
- Milton Gamaliel Saenz-Palacios.

Petitioner will work with counsel for CoreCivic, Torrance County, and the United States to set these depositions and each adverse party may participate in the deposition. The depositions are limited to each deponent's personal knowledge, including any observations he made about Mr. Vial, conversations with Mr. Vial, or the conditions at the TCDF during Mr. Vial's detention and immediately following his suicide.

Counsel for the United States will keep counsel for Petitioner apprised of any final removal orders or removal dates for these individuals.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE